NO. 07-06-0184-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



DECEMBER 6, 2006


______________________________



DEDRIC LAMAR POLITE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 51,827-E; HON. ABE LOPEZ, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Dedric Lamar Polite was convicted of attempting to take a weapon away from a
peace officer. He challenges that conviction in one issue by contending the evidence is
legally insufficient to sustain the conviction. We affirm the judgment of the trial court.

 On August 10, 2005, appellant appeared at the home of his sister Brittny and her
two children. He began to argue with his mother in the front yard. As appellant
commenced to yell and scream, Brittny asked him to leave. When he refused, Brittny
turned to go back into the house and appellant grabbed her around the neck. The parties
proceeded into the living room of the house where both Brittny and her mother began
hitting appellant. As the altercation continued, appellant fell off the couch and was
screaming, yelling, flailing, and rolling around on the floor. Brittny called her brother for
assistance to remove appellant from the house and also called the police. 

 Officer Faustino Martinez was the first officer to arrive. Although he initially waited
for backup before entering the house, when appellant's mother approached him screaming
for help, he entered the house. Martinez observed appellant's brother Leonard in the
process of trying to restrain appellant on the floor. When Martinez attempted to put
handcuffs on appellant, appellant told him, "I'm going to get your gun," and Martinez saw
appellant's hand on the bottom of his gun. Leonard assisted the officer in removing
appellant's hand from the gun and in handcuffing him. 

 The standard by which we review the legal sufficiency of the evidence is well
established. We refer the parties to Jackson v. Virginia, 443 U. S. 307, 99 S.Ct. 2781, 61
L.Ed.2d 560 (1979) for explanation. 

 An offense is committed if a person "intentionally or knowingly and with force takes
or attempts to take from a peace officer . . . the officer's firearm . . . with the intention of
harming the officer or a third person." Tex. Pen. Code Ann. §38.14(b) (Vernon Supp.
2006). Appellant contends the evidence is insufficient to show that he committed the act
intentionally or knowingly and with force. This is so, he argues, because he suffered a
seizure which was "the impetus" in this case, and Martinez used a holster that would have
prevented his weapon being taken from him by force. 

 Intent may be inferred from circumstantial evidence such as the words, acts, or
conduct of the appellant. Guevara v. State, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). 
In the record before us is evidence that 1) appellant was yelling and verbally abusive and
had grabbed his sister around the neck even before he was allegedly showing symptoms
of a seizure, 2) appellant then began kicking, flailing, and screaming on the floor, 3) Brittny
testified that, before the officer was getting ready to put the handcuffs on appellant,
appellant stated, "[S]omebody get his gun, he's trying to kill me," although the officer had
not touched his firearm, 4) appellant lunged at the officer while the officer was trying to
restrain him, 5) the officer believed there was a potential for violence, 6) appellant told the
officer, "I'm going to get your gun," 7) appellant wrapped the bottom of his hand around the
bottom of the gun and later grabbed for the top portion, 8) the officer did not believe that
appellant merely touched his gun during appellant's flailing, and 9) the officer considered
the attempt to take his gun as life threatening. This evidence viewed in its most favorable
light is sufficient to allow a rational trier of fact to infer beyond reasonable doubt that
appellant knowingly or intentionally and with force attempted to seize the officer's weapon. 

 Accordingly, appellant's issue is overruled, and the judgment is affirmed.


 Brian Quinn 

 Chief Justice 

Do not publish.